985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ELECTRICAL WORKERS' PENSION TRUST FUND OF LOCAL UNION NO.
58, IBEW; Electrical Workers' Joint Board of Trustees
Vacation Fund; Electrical Workers' Insurance Fund;
Supplemental Unemployment Benefit Fund of the Electrical
Industry, Detroit, Michigan; IBEW Local No. 58 Annuity
Fund; National Electrical Benefit Fund; and Joint
Apprenticeship Training Trust Fund, Plaintiffs-Appellants,
v.
Aart Van Vliet, individually and d/b/a Union Lake Electric,
Defendant-Appellee.
 No. 92-1217.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1993.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiffs-appellants appeal the district court's order denying their petition to hold the defendant-appellee in contempt and setting aside the district court's earlier order to show cause. We vacate and remand for further proceedings.
 
 I.
 
 2
 Plaintiffs-appellants ("Funds") are various trust funds. Defendant-appellee, Aart Van Vliet, d/b/a Union Lake Electric (collectively the "Company"),[1] entered into a collective bargaining agreement ("CBA") with the International Brotherhood of Electrical Workers, Local No. 58 ("Union"). The CBA obligated the Company to file certain reports and pay certain benefits to the Funds on behalf of Company employees who were represented by the Union. The Company failed to do so.
 
 
 3
 The Union filed a grievance against the Company. Following arbitration, an arbitration award was issued, ordering the Company to submit fringe benefit reports that were past due, immediately pay all sums due to the Funds, and thereafter timely file reports and pay benefits. The Company did not comply with the award. On June 10, 1991, the Funds sued in federal court for enforcement. The Company did not respond. The Funds moved for default judgment. After a hearing, the district court "ratified, adopted and confirmed" the arbitration award and granted default judgment to the Funds. On September 19, 1991, the court entered a judgment ordering the Company to comply with the terms of the arbitration award.
 
 
 4
 The Company failed to comply with the court's judgment. In November of 1991, the Funds initiated contempt proceedings against the Company. On January 23, 1992, a show cause hearing was held before the district court. At the hearing, Van Vliet acknowledged that he owed money to the Funds but stated that he did not have the money. He agreed to appear at the Union offices on February 5, 1992, and produce books and records for audit. On January 27, 1992, the district court entered an order denying the Funds' motion for contempt, stating that "[t]he parties [had] appeared and the matter was resolved," and setting aside the order to show cause.
 
 
 5
 Van Vliet failed to appear at the Union offices on February 5, 1992. Subsequently, the Funds requested the district court to issue a new order requiring the Company to submit its books and records for audit and to submit fringe benefits reports. The district court declined to enter a new order. On February 13, 1992, the Funds timely appealed the district court's January 27, 1992, order.
 
 II.
 
 6
 When the Company failed to comply with the district court judgment, the Funds initiated contempt proceedings. After holding a hearing, the district court entered an order denying the contempt petition and setting aside the show cause order because, in the district court's view, the matter had been "resolved." When the Company failed to appear at the Union offices as agreed, the Company requested the district court to enter a new order requiring the Company to produce books and records and submit the requested reports. The district court declined to enter a new order. This was error. The Funds have a valid judgment against the Company, the Company is clearly in contempt, and the Funds are entitled to enforcement of this judgment. We, therefore, vacate the district court's January 27, 1992, order and remand this case for further proceedings.
 
 III.
 
 7
 The January 27, 1992, order of the district court is vacated and this case remanded for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 Van Vliet has declined to participate in the appeal of this case